IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Case No. 25-cv-04119-NYW

CLAUDIO MERDACO BENHUMEA,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity;
ROBERT HAGAN, in his official capacity;
TODD M. LYONS, in his official capacity;
KRISTI NOEM, in her official capacity; and
PAMELA JO BONDI, in her official capacity;

    Respondents.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"). [Doc. 1]. Respondents have responded, [Doc. 7], and Petitioner has not sought leave to file a reply. For the reasons set forth below, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Claudio Mercado Benhumea ("Petitioner" or "Mr. Benhumea") is a citizen of Mexico who has lived in the United States since 2013. [Doc. 1 at ¶¶ 1, 32]. He was taken into custody by United States Immigration and Customs Enforcement ("ICE") in November 2025 and has been held without a bond hearing ever since. [*Id.* at ¶¶ 60, 62]. The Government purports to detain Mr. Benhumea under 8 U.S.C. § 1225(b). *See* [*id.* at ¶ 1; Doc. 7 at 2–3; Doc. 7-1 at ¶ 8]. Mr. Benhumea disputes the Government's

interpretation of § 1225(b) and contends that he is actually detained under 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. [Doc. 1 at ¶¶ 46–56, 61–69]. But because § 1225(b)(2)(A) provides for mandatory detention, Mr. Benhumea has no opportunity for release on bond while the Government considers him detained under this provision. [*Id.* at ¶¶ 56, 62].

In the Petition, Mr. Benhumea brings four claims challenging the lawfulness of Respondents' decision to detain him without a bond hearing. First, he argues that he is entitled to a bond hearing under § 1226(a) pursuant to a classwide judgment in *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025), Dkt. No. 94. [Doc. 1 at ¶¶ 64–69 ("Count One")]; *see also Maldonado Bautista v. Santacruz*, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (amended summary-judgment order), *appeal docketed*, No. 25-7958 (9th Cir. Dec. 19, 2025). Second, Mr. Benhumea asserts that Respondents' erroneous application of § 1225(b) and § 1226(a) violates § 1226(a) ("Count Two"). [Doc. 1 at ¶¶ 70–73]. Third, Mr. Behumea argues that Respondents' denial of a bond hearing violates § 1226(a)'s implementing regulations ("Count Three"). [*Id.* at ¶¶ 74–76]. Fourth, he alleges that his detention without a bond hearing violates his rights under the Due Process Clause of the Fifth Amendment ("Count Four"). [*Id.* at ¶¶ 77–85]. Mr. Benhumea seeks, among other things, a writ of habeas corpus ordering that he either be released from custody or granted a bond hearing within seven days. [Doc. 1 at 19].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept.

16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Mr. Benhumea's claims primarily turn on whether Respondents may detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond hearing under § 1226(a). The Court summarizes the statutory framework before turning to the Parties' arguments.

I.   **Statutory Framework**

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–

3

(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)).  Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d

---

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 11], so the Court does not substantively address detention under this subsection.

475, 484 (S.D.N.Y. 2025) (citing *Jennings,* 583 U.S. at 297).

## II. Application to Petitioner's Statutory Claim

The Court's analysis begins and ends with Count Two, Mr. Benhumea's statutory claim. Respondents argue that § 1225(b)(2)(A) applies and requires Mr. Benhumea's detention, so he is not entitled to a bond hearing. *See* [Doc. 7]. This Court, following the clear weight of persuasive authority, has already rejected Respondents' position. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[2] In *Loa Caballero*, this Court reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for nearly 20 years before he was detained by ICE. *See id.* at *1. Like Mr. Benhumea, the Government did not provide the petitioner in *Loa Caballero* with a bond hearing because it asserted that § 1225 mandated his detention. *See id*. The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6. "The plain meaning of the

---

[2] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Mr. Benhumea, who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, C.J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, No. 25-cv-04029-WJM-STV, 2026 WL 100587 (D. Colo. Jan. 14, 2026) (Martinez, J.).

phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)). Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at *5–8.

Respondents provide no persuasive reason for the Court to depart from the conclusion it reached in *Loa Caballero*. They rely primarily on the Supreme Court's description of § 1225(b)(2) as a "catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287; [Doc. 8 at 11]. Respondents reason that this statement must mean that any "applicant for admission" not covered by § 1225(b)(1) is necessarily subject to mandatory detention under § 1225(b)(2). This Court and others in this District have already declined to adopt Respondents' "selective citation" to *Jennings*. *See Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *3–4 (D. Colo. Jan. 6, 2026); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *6 (D. Colo. Oct. 24, 2025); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2 (D. Colo. Jan. 13, 2026). As this Court explained in *Briales-Zuniga*, "*Jennings* did not address exactly which noncitizens are covered by § 1225(b)(2)," and other portions of *Jennings* support the Court's interpretation of § 1225(b)(2) and § 1226(a). 2026 WL 35227, at *3–4 (citing *Jennings*,

6

583 U.S. at 289, 297–301).

Respondents also argue that other portions of § 1225 demonstrate that "the status of being an applicant for admission is recognized as only one way that a noncitizen may be 'seeking admission.'" [Doc. 7 at 8–9 (citing 8 U.S.C. § 1225(a)(3))]. In other words, Respondents assume that any "applicant for admission" under § 1225(a)(1) is automatically "seeking admission" for purposes of § 1225(b)(2)(A). The Court rejected this argument in *Loa Caballero*. 2025 WL 2977650, at *6 & n.4. As the Court explained, Respondents' position violates the meaningful-variation canon of statutory interpretation by erasing any substantive difference between an "applicant for admission" and a person "seeking admission." *See id.* (first citing *Pulsifer v. United States*, 601 U.S. 124, 149 (2024); and then citing *Lopez Benitez*, 795 F. Supp. 3d at 488). Despite *Loa Caballero*'s issuance months prior to the filing of the Response, Respondents neither acknowledge *Loa Caballero* nor attempt to distinguish it. *See generally* [Doc. 7].

Accordingly, as in *Loa Caballero* and *Briales-Zuniga*, the Court concludes that § 1225(b)(2)(A) does not authorize Respondents' detention of Petitioner. The "default rule" of discretionary detention under § 1226(a) therefore applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7. And because Respondents have failed to provide Mr. Benhumea with a bond hearing or any other individualized custody determination, his continued detention violates § 1226(a).

### III. Appropriate Remedy

Mr. Benhumea asks the Court to "order[ ] Respondents to immediately release him from custody or provide him with a bond hearing . . . within seven days." [Doc. 1 at 19]. But § 1226(a) "does not require release—it provides DHS the discretion to grant an alien

release on bond." *Nava Hernandez*, 2025 WL 2996643, at *8. This Court has previously held that a bond hearing before an immigration judge is sufficient to vindicate the procedural protections afforded by § 1226(a). *See Loa Caballero*, 2025 WL 2977650, at *9; *Briales-Zuniga*, 2026 WL 35227, at *4. As in those cases, the Court finds that an immigration judge is better suited than this Court to conduct the hearing and consider whether Mr. Benhumea poses a flight risk or danger to the community.

Having granted Mr. Benhumea relief as to Count Two, the Court does not reach his other claims. Count One also seeks a bond hearing, [Doc. 1 at ¶ 65], and Counts Three and Four—the constitutional and regulatory claims—spring from the statutory claim, [*id.* at ¶¶ 74–85]. After Mr. Benhumea's bond hearing is complete, the Parties may inform the Court what additional proceedings, if any, they believe are required in this matter. But because the Court need not go further at this time, Mr. Benhumea's Motion to Request Decision on Pending Petition for Writ of Habeas Corpus in the Interests of Justice, [Doc. 11], is respectfully **DENIED as moot**.

Accordingly, Respondents are **ORDERED** to provide Mr. Benhumea with a bond hearing before an immigration judge no later than February 12, 2026. If Respondents to not do not provide Mr. Benhumea with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention. On or before February 19, 2026, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief [Doc. 1] is **GRANTED in part**;

(2) Respondents shall provide Petitioner a bond hearing no later than February 12, 2026. **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

(3) On or before February 19, 2026, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

(4) Petitioner's Motion to Request Decision on Pending Petition for Writ of Habeas Corpus in the Interests of Justice [Doc. 11] is **DENIED as moot**.

DATED: February 5, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge